# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-49** |
| **CHRISTY BARTHOLOMEW** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Christy Bartholomew's ("Bartholomew") motion[1] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes the motion.[2] For the following reasons, the motion is denied.

## I.

On June 23, 2021, Bartholomew pled guilty to counts one and two of a bill of information,[3] which charged her with two counts of wire fraud in violation of 18 U.S.C. § 1343.[4] This Court sentenced Bartholomew to a term of imprisonment of seventy-two months as to each of counts one and two, to be served concurrently, and a three-year term of supervised release.[5] The sentence imposed was an upward variance from the United States Sentencing Guidelines range based on the Court's consideration of the factors set forth in 18 U.S.C. § 3553(a).[6] Bartholomew was sentenced on December 8, 2021 and was ordered to self-surrender on February 7,

---

[1] R. Doc. No. 36.
[2] R. Doc. No. 38.
[3] R. Doc. No. 19.
[4] R. Doc. No. 1.
[5] R. Doc. No. 33.
[6] *See* R. Doc. No. 34, at 3. Bartholomew's sentencing guidelines range was 27 to 33 months. R. Doc. No. 28.

1

2021.[7] As her prospective release date is March 13, 2027,[8] Bartholomew has served less than 10% of her sentence as of today's date.

On June 24, 2022, Bartholomew moved for compassionate release pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Bartholomew argues that, given the conditions at Federal Correctional Institution ("FCI") Aliceville with regards to the spread of COVID-19,[9] her "underlying medical conditions" place her at high risk for serious illness or death if she were to contract COVID-19.[10] Bartholomew also claims that the alleged failure of Bureau of Prisons ("BOP") medical staff to provide her with necessary medical treatment,[11] when combined with her medical conditions, constitute extraordinary and compelling reasons for a sentence reduction.

Bartholomew also argues that "courts have granted compassionate release to individuals with [her alleged underlying medical conditions.]"[12] Bartholomew advises the Court that she has a minor child who she had to leave in the care of her mother who suffers from "chronic health conditions,"[13] and that there is evidence of her "self-improvement" and good behavior at FCI Aliceville,[14] all of which are additional extraordinary and compelling reasons justifying a sentence reduction. Accordingly,

---

[7] R. Doc. No. 35.
[8] *See* https://www.bop.gov/inmateloc/ (last visited July 21, 2022).
[9] R. Doc. No. 36, at 3-9.
[10] *Id*. at 10-11. Specifically, the defendant states that she "has asthma, depression, anxiety, is immunocompromised and [was a] smoker for 18 years." *Id*. at 10.
[11] *Id*. at 10.
[12] *Id*. at 11-12.
[13] *Id*. at 13.
[14] *Id*. at 14-16.

Bartholomew asks that the Court reduce her sentence—either in part or to time served—or, alternatively, reduce her sentence to home confinement and allow her to serve the remainder of her sentence at home.[15]

The government opposes Bartholomew's motion, arguing that it should be denied as Bartholomew's medical conditions are under control, she has been vaccinated against COVID-19, there is significant time remaining on Bartholomew's sentence and § 3553(a) considerations weigh against an early release. The government further alleges that Bartholomew has failed to exhaust all administrative remedies.[16]

## II.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (citation omitted). Under 18 U.S.C. § 3582, as amended by the First Step Act, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Upon the filing of such a motion, a court may reduce a defendant's sentence after considering to the extent applicable, the factors set forth in § 3553(a).

---

[15] *Id.* at 1.
[16] R. Doc. No. 38, at 1.

*Id.* A defendant's sentence may only be reduced if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; § 3582(c)(1)(A)(i).

Accordingly, in order to be entitled to relief under § 3582(c)(1)(A)(i), Bartholomew must *first* satisfy the exhaustion requirement and *then* must demonstrate that "extraordinary and compelling reasons" warrant a reduction of her sentence in consideration of the factors set forth in § 3553(a) and the applicable policy statements by the United States Sentencing Commission.

### III.

There are two routes a defendant may take under the First Step Act to seek compassionate release. Either route begins with "requesting that the [BOP] bring a motion on the defendant's behalf." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020. After that preliminary step,

> the prisoner has a choice. First, he may wait for a response from the BOP and seek further administrative review of that response (assuming it is adverse). On that path, only once he has "exhausted all administrative rights to appeal" may he bring his motion in the district court. § 3582(c)(1)(A). Second, a prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court.

*United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021).

Bartholomew submitted a request for compassionate release to Warden C. Garrett on June 10, 2022.[17] Warden Garrett responded on June 16, 2022: "You may

---

[17] R. Doc. No. 36-2, at 6.

4

address this issue with the unit team."[18] Bartholomew does not allege that her request that the BOP bring a motion for compassionate release on her behalf was ever denied; Warden Garrett's response is simply a referral, not a denial. Bartholomew does not present any evidence or allege that, under the first path set forth above, she sought further administrative review of her request and "exhausted all administrative rights to appeal." § 3582(c)(1)(A).

Bartholomew submitted her motion for compassionate release to this Court on June 24, 2022.[19] Thus, she did not allow the required 30 days from submission of her request to the warden of her facility to lapse before filing her motion with this Court and, therefore, failed to satisfy the requirements the second path set forth above. § 3582(c)(1)(A).

The Fifth Circuit stated in *Franco* that the statute's requirement that a defendant must first file a request with the BOP before submitting a motion for compassionate release "is a paradigmatic mandatory claim-processing rule" and "because the government properly raised the rule in the district court, this 'court *must* enforce the rule.'" *Franco*, 973 F.3d at 468 (citations omitted, emphasis in original). Here, the government properly raised this claim-processing rule. The Court must enforce it.[20]

---

[18] *Id.*
[19] R. Doc. No. 36, at 6.
[20] As this motion may be properly addressed under the claim-processing rule of § 3582(c)(1)(A), the Court will not reach the government's additional arguments that the grounds for compassionate release made in the defendant's request to the BOP must be the same as those in her motion to this Court, or the merits arguments of either the government or the defendant.

**IV.**

Bartholomew did not exhaust her administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly,

**IT IS ORDERED** that Bartholomew's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, July 21, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**