UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-49** |
| **CHRISTY BARTHOLOMEW** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Christy Bartholomew's ("Bartholomew") motion[1] for a reduction in sentence. The government opposes the motion.[2] For the following reasons, the motion is denied.

### I. BACKGROUND

On June 23, 2021, Bartholomew pleaded guilty to counts one and two of a bill of information,[3] which charged her with two counts of wire fraud in violation of 18 U.S.C. § 1343.[4] This Court sentenced Bartholomew to a term of imprisonment of seventy-two months as to each of counts one and two, and a concurrent three-year term of supervised release.[5] Bartholomew was sentenced on December 8, 2021 and was ordered to self-surrender on February 7, 2021.[6] As her prospective release date

---

[1] R. Doc. No. 40.
[2] R. Doc. No. 42.
[3] R. Doc. No. 16.
[4] R. Doc. No. 1.
[5] R. Doc. No. 33.
[6] R. Doc. No. 35.

is January 2, 2027,[7] Bartholomew has served less than 30% of her sentence as of today's date.

On June 30, 2022, Bartholomew filed a motion[8] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asking the Court to reduce her sentence—either in part or to time served—or, alternatively, to allow her to serve the remainder of her sentence in home confinement.[9] The Court held that, as Bartholomew did not wait 30 days from submission of her request to the warden of her facility before filing her motion with this Court, she failed to exhaust her administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).[10] Accordingly, the Court denied Bartholomew's motion without prejudice.

Bartholomew filed the instant motion for reduction in sentence on August 29, 2022.[11] In her motion, Bartholomew states that she served two-and-a-half years of home confinement in Mississippi during the pendency of related state charges,[12] and she asks the Court to credit her "previous two [and] a half years of home confinement as a sentence reduction for time served."[13] She also emphasizes that she is remorseful

---

[7] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Nov. 18, 2022).
[8] R. Doc. No. 36.
[9] *Id.* at 1.
[10] R. Doc. No. 39, at 5–6.
[11] R. Doc. No. 40.
[12] *Id.* at 1. Bartholomew states that the relevant state charges were dismissed and "merged" with her federal case. *Id.* However, Bartholomew does not offer any evidence relating to the Mississippi state charges she alleges were "merged" with her federal charges, and likewise provides no evidence substantiating her claim that she was ordered to serve home confinement in Mississippi.
[13] *Id.* at 2.

for her actions and believes that a reduction in her sentence would allow her to start contributing to the restitution she owes.[14]

## II. STANDARDS OF LAW

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons ("BOP")], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "The authority to award time-served credits under 18 U.S.C. § 3585(b) rests solely with the Attorney General, through the [BOP] . . . ." *United States v. Chatman*, 810 F. App'x 323, 324 (5th Cir. 2020) (citing *Wilson*, 503 U.S. at 335). The Attorney General's "authority has been delegated to the BOP under 28 C.F.R. § 0.96." *United States v. Lazard*, No. 13-130, 2022 WL 4761002, at *2 (E.D. La. Oct. 3, 2022) (Fallon, J.).[15]

If an inmate believes that the BOP has not properly granted her credit for time served, she must first exhaust her administrative remedies through the BOP. *See* 28 C.F.R. §§ 542.10–542.16 (1990). "A federal prisoner may use the BOP's multi-tiered administrative remedy program 'to seek formal review of an issue relating to any aspect of his/her own confinement.'" *Smith v. Fed. Bureau of Prisons*, No. 22-364, 2022 WL 13973910, at *2 (W.D. Tex. Oct. 21, 2022) (quoting 28 C.F.R. § 542.10(a)). Only after she has exhausted those administrative remedies may an inmate "pursue

---

[14] *Id.* at 3.
[15] "The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . . ." 28 C.F.R. § 0.96.

judicial review of these computations." *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)), *aff'd*, 566 U.S. 231, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

When seeking judicial review of a denial of credit for time served, after exhausting all administrative remedies, inmates' requests "must be addressed as habeas corpus petitions under [28 U.S.C.] § 2241." *United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir. 1990)); *see also United States v. Eugene*, No. 09-046, 2020 WL 587983, at *1 (E.D. La. Feb. 6, 2020) (Feldman, J.) ("Insofar as [the petitioner] is challenging the manner in which his sentence is being executed, the proper vehicle for [the petitioner's] requests for credit for time-served is a motion under 28 U.S.C. § 2241."). Such a petition must be filed in the district that has jurisdiction over the warden of the facility where the inmate is incarcerated. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004). "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).

### III. LAW & ANALYSIS

#### a. *Administrative Exhaustion*

Bartholomew attaches to her motion a communication she sent to her facility's warden on July 26, 2022, in which she requests a "sentence reduction for the two in [sic] a half years I served on home confinement during pre trial [sic]."[16] Bartholomew states that she has not received a response from the warden regarding her request.[17] However, Bartholomew does not include any materials indicating whether, after not receiving a response from the warden, she sought review of her request pursuant to the BOP's administrative remedy program before seeking judicial review. Accordingly, the Court cannot conclude that Bartholomew has exhausted her administrative remedies. Until Bartholomew fully exhausts her administrative remedies, this Court lacks authority to credit her sentence. *See Falcetta*, 734 F. App'x at 287.

#### b. *28 U.S.C. § 2241*

Even if Bartholomew had fully exhausted her administrative remedies, and the Court were to liberally construe her motion as a petition for habeas corpus,[18] the Court lacks jurisdiction over her request to apply credit to her federal sentence. *See Lazard*, 2022 WL 4761002, at *2. Insofar as Bartholomew is "challenging the BOP's computation of [her] sentence," the proper vehicle is a motion under 28 U.S.C. § 2241. *Eugene*, 2020 WL 587983, at *1 n.1. However, as noted, "the district of incarceration

---

[16] R. Doc. No. 40-1, at 1.
[17] R. Doc. No. 40, at 2.
[18] Her motion is styled as a request for a "sentence reduction." R. Doc. No. 40, at 1.

5

is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee*, 244 F.3d at 373. Because Bartholomew is incarcerated in Aliceville, Alabama, in the Northern District of Alabama, this Court lacks jurisdiction to consider a § 2241 petition by Bartholomew.[19]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Bartholomew's motion for a reduction in sentence is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, November 18, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] The government also argues that relief is not available to Bartholomew under either Rule 35(a) or 36 of the Federal Rules of Criminal Procedure, which allow a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), and to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission," Fed. R. Crim. P. 36, respectively. R. Doc. No. 42, at 5–6. As Bartholomew does not seek relief redressable by either Rule 35(a) or 36, and as the Court has found that it lacks jurisdiction and the authority to credit Bartholomew's sentence, the Court will not address the government's additional arguments pertaining to Rules 35(a) and 36.